**Charles Emmett AVITT, Petitioner—Appellant,**

v.

**Suzanne HUBBARD, Warden., Respondent—Appellee.**

No. 01–16115.

D.C. No. CV–97–00717–LKK.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 15, 2002.

Decided March 21, 2002.

Before REINHARDT, NOONAN, and FERNANDEZ, Circuit Judges.

MEMORANDUM*

Charles Emmett Avitt appeals the district court's denial of his habeas petition. He alleges that the state trial court erred when it determined that he had not made a *prima facie* showing that the prosecutor exercised peremptory challenges on the basis of gender in violation of *J.E.B. v. Alabama,* 511 U.S. 127, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994). We affirm.

Avitt argues that the fact that 16 of the prosecutor's 18 challenges were used to exclude women is sufficient to raise an inference of intentional discrimination. Although statistics alone may be enough to establish a *prima facie* case of discrimination in some instances, *see, e.g., Batson v. Kentucky,* 476 U.S. 79, 97, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) ("[A] 'pattern' of strikes against black jurors included in the particular venire might give rise to an inference of discrimination."), in this case, the majority of the prospective jurors were women. In fact, there were a number of times when there were as many as nine women in the jury box, which translates to 75% of the individuals available for challenge.

Given these statistics and given the fact that seven of the twelve persons ultimately selected to serve on the jury were women, *Turner v. Marshall,* 121 F.3d 1248, 1254 (9th Cir.1997) (holding that the court may consider the ultimate composition of the jury as one factor), we hold that, in this case, the statistics alone were not sufficient to establish a *prima facie* case of discrimination.

The prosecutor did not ask any questions or make any statements suggesting

that he had a discriminatory motive. In fact, he passed the jury on several occasions when a majority of the prospective jurors in the box were women and he ultimately did not exercise all of his peremptory challenges even though there were more women than men on the jury. Thus, considering the "totality of relevant circumstances," *Tolbert v. Gomez*, 190 F.3d 985, 988 (9th Cir.1999), we hold that the state trial court did not err in holding that Avitt failed to establish a *prima facie* case of intentional discrimination.

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.